J-A16003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD P. CORKERY, | |
| Appellant | No. 2956 EDA 2014 |

Appeal from the Judgment of Sentence September 16, 2014
in the Court of Common Pleas of Carbon County
Criminal Division at No.: CP-13-CR-0000527-2011

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 25, 2015**

Appellant, Richard P. Corkery, appeals from the judgment of sentence imposed following his jury conviction of twenty-seven counts of possession of child pornography.[1]  We affirm.

We take the following facts from the trial court's opinion and our independent review of the record.  On April 6, 2011, the Nesquehoning Police Department received an anonymous letter that requested they look into child pornography allegations against Appellant.  The letter stated, and Borough Police Chief Sean T. Smith confirmed, that Appellant recently had been terminated from his employment at a local radio station because of his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d)(1).

use of a company computer to access child pornography. Chief Smith obtained the consent of the station owner and manager to seize the computer. A forensic examination revealed that thirty-four images of naked males performing sex acts had been accessed on the computer between the hours of 8:00 a.m. and 10:00 a.m. on several dates from February 15, 2011 to March 28, 2011. The Commonwealth consulted Dr. Thomas Novinger who offered his expert opinion that twenty-eight of the males were under the age of eighteen at the time the pictures were taken.

Thereafter, Chief Smith telephoned Appellant and asked that he come to the Nesquehoning Police Station for an interview, but the officer agreed to Appellant's request that the interview be conducted at his home in Coaldale, Pennsylvania, instead. On May 16, 2011, Chief Smith, Federal Bureau of Investigation Agent John Bates, and Pennsylvania State Trooper Scott Sotak met with Appellant at his home. Before questioning began, the officers advised Appellant that he had the right to refuse to answer any questions. Appellant invited the men into his kitchen, and they joined him around the kitchen table. Agent Bates again informed Appellant that he had the right to decline to answer any questions. Agent Bates and Trooper Sotack then asked Appellant about his possible connection to the pornographic images on the radio station's computer. Appellant admitted he had accessed pornographic photographs on the dates in question, and named the website that was the source of some of the images.

During the course of the approximately two hour interview, Appellant offered to show the officers various examples of his community involvement, including photographs from youth sports teams. When informed that he could move freely about his home as long as, for their own safety, the officers were able to accompany him, Appellant led them into the basement, living room, and bedroom areas of his home.

On July 13, 2011, the Commonwealth filed a criminal complaint against Appellant, charging him with the previously mentioned twenty-seven counts of possession of child pornography. On July 15, 2011, Appellant waived formal arraignment on the charges and, on August 8, 2011, the Commonwealth filed an information.

On October 12, 2012, Appellant filed a motion to suppress, arguing for the suppression of his May 16, 2011 statements to the officers on the ground that he had not received his **Miranda**[2] warnings prior to questioning. The Commonwealth filed a response on December 3, 2012, asking that Appellant's motion be denied because it violated Pennsylvania Rules of Criminal Procedure 579(A) and 581(b). **See** Pa.R.Crim.P. 579(A), 581(B).

_____

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

On March 11, 2013, the trial court denied Appellant's motion to suppress on the basis of untimeliness and on its merits.[3]

On June 12, 2014, a jury found Appellant guilty of the twenty-seven counts of possession of child pornography. On September 16, 2014, the court sentenced Appellant to not less than nine months' nor more than three years' incarceration, followed by three years' probation. Appellant timely appealed.[4]

Appellant raises four questions for this Court's review:

1.    Whether the trial court erred in denying the motion to suppress the Appellant's statement, as the statement was taken in violation of the Appellant's [***Miranda***] rights . . . ?

2.    Whether trial counsel was ineffective in failing to object to the admission of Commonwealth's Exhibit "2", which was the handwritten notes of Chief Smith?

3.    Whether trial counsel was ineffective in failing to properly cross-examine [the] Commonwealth's expert witness on his qualifications and in failing to object to his qualifications as an expert witness?

_____

[3] Appellant has not raised an issue of the timeliness of his suppression motion. However, we observe for sake of completeness that the trial court properly found that the suppression motion was untimely pursuant to Rule 581(B) and could have been dismissed on that basis alone where Appellant failed to prove an exception. (***See*** Trial Court Opinion, 3/11/13, at 6); ***see also*** Pa.R.Crim.P. 581(B) (requiring that motion to suppress be filed with omnibus pretrial motion within thirty days of arraignment "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require[.]").

[4] Appellant filed a timely Rule 1925(b) statement pursuant to the court's order on November 12, 2014. ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on December 12, 2014. ***See*** Pa.R.A.P. 1925(a).

4.      Whether the trial court erred in allowing the jury to view Commonwealth's Exhibit "2", which included the Appellant's statement, during deliberations?

(Appellant's Brief, at 6) (most capitalization omitted).

In his first issue, Appellant maintains that "[h]is statement was . . . secured by the Commonwealth in violation of [his] constitutional right and, therefore, his statement should have been suppressed."  (**Id.** at 18). Specifically, he argues that he was custodially detained and should have received **Miranda** warnings before questioning.  (**See id.** at 14-18).  This claim lacks merit.[5]

Our standard of review of a challenge to a court's ruling on a suppression motion is well-settled:

> Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

---

[5] We observe that the argument section of Appellant's brief fails to identify specifically what statement he sought to suppress pursuant to Pennsylvania Rule of Appellate Procedure 2119(c), (d).  (**See** Appellant's Brief, at 14-18). However, because this error does not affect our meaningful appellate review, we will not find Appellant's issue waived.

In addition, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony. The suppression court is also entitled to believe all, part or none of the evidence presented. Finally, at a suppression hearing, the Commonwealth has the burden of establish[ing] by a preponderance of the evidence that the evidence was properly obtained.

*Commonwealth v. Galendez*, 27 A.3d 1042, 1045-46 (Pa. Super. 2011) (*en banc*), *appeal denied*, 40 A.3d 120 (Pa. 2012) (citations and quotation marks omitted).

It has long been the precedent of this Commonwealth that:

The test for determining whether a suspect is being subjected to custodial interrogation so as to necessitate **Miranda** warnings is whether he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation.

Said another way, police detentions become custodial when, under the totality of the circumstances, the conditions and/or duration of the detention become so coercive as to constitute the functional equivalent of arrest.

The factors a court utilizes to determine, under the totality of the circumstances, whether a detention has become so coercive as to constitute the functional equivalent of arrest include: the basis for the detention; its length; its location; whether the suspect was transported against his or her will, how far, and why; whether restraints were used; whether the law enforcement officer showed, threatened or used force; and the investigative methods employed to confirm or dispel suspicions. The fact that a police investigation has focused on a particular individual does not automatically trigger "custody," thus requiring **Miranda** warnings.

*Commonwealth v. Baker*, 24 A.3d 1006, 1019-20 (Pa. Super. 2011), *affirmed*, 78 A.3d 1044 (Pa. 2013) (citations omitted).

Here, in denying Appellant's motion to suppress, the trial court found that he was not custodially detained when he spoke to officers at his home on May 16, 2011. (*See* Trial Court Opinion, 3/11/13, at 6-9). We agree.

The interview of Appellant occurred in his own home, a location selected by him. (*See* N.T. Suppression Motion, 12/14/12, at 6). Appellant met the officers at the front door, where each of them was introduced to him, and he invited them inside. (*See id.* at 7, 21, 41, 57, 67). Chief Smith indicated that the impetus of the interview was the anonymous letter containing allegations about Appellant accessing child pornography at the radio station. (*See id.* at 7, 54-55). Police informed him that he was not under arrest or in their custody, and that he was free to decline to answer any questions or to speak with the officers. (*See id.* at 7, 27, 32). Appellant invited the officers to the kitchen table where he offered them something to drink. (*See id.* at 7, 18, 22). Appellant was free to move about his home, and did so, voluntarily leading the officers into various rooms to show them evidence of his civic involvement. (*See id.* at 7, 18, 22, 26-27, 41). The officers never physically restrained Appellant in any way. (*See id.* at 7, 27, 31, 41).

Based on the foregoing, we conclude that the record supports the trial court's factual findings and that its legal conclusion, that Appellant was not subject to custodial detention so as to necessitate *Miranda* warnings, is free

from legal error. *See Galendez*, *supra* at 1045; *Baker*, *supra* at 1019-20. Appellant's first issue would not merit relief.

In Appellant's second and third claims, he argues that trial counsel was ineffective. (*See* Appellant's Brief, at 18-23). These allegations are denied without prejudice to Appellant to raise them in a petition filed under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.[6]

In Appellant's fourth issue, he argues that the trial court violated Pennsylvania Rule of Criminal Procedure 646(C)(2) when it "allow[ed] the jury, during its deliberations, to view Commonwealth's exhibit 2 [(Chief Smith's notes)], which contained Appellant's statement[,]" and "were nothing more than [the officer's] courtroom testimony reduced to writing—in effect, a transcript of his trial testimony, which is strictly prohibited by Rule 646(C)(2)." (Appellant's Brief, at 23, 24) (internal quotation marks, capitalization, and citation omitted). This issue is waived.

> It is well settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a).
>
> Issue preservation is foundational to proper appellate review. . . . By requiring that an issue be

---

[6] "[T]his Court cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.'" *Commonwealth v. Holmes*, 79 A.3d 562, 575 (Pa. 2013) (citation omitted). Here, Appellant did not waive PCRA review and no exceptions to the general rule that ineffectiveness of counsel claims must await post-collateral review exist. *See id.* at 576.

considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court . . . must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

***Commonwealth v. Miller***, 80 A.3d 806, 811 (Pa. Super. 2013) (case citation omitted).

In this case, during deliberations, the jury requested to see Commonwealth's Exhibit 2, Chief Smith's police report. (***See*** N.T. Trial, 6/12/14, at 149-50, 152). Appellant's counsel objected, not on the Rule 646(C)(2) grounds asserted here, but on the basis that the report "contain[ed] statements from witnesses who weren't even offered during the trial," specifically, those of Trooper Sotack, who was unavailable due to a medical disability. (N.T. Trial, 6/12/14, at 152, 168-69).[7]

Therefore, because Appellant failed to raise any issue in the trial court that allowing the jury to view Chief Smith's notes during deliberations

---

[7] In fact, at trial, per Appellant's counsel's request, the court redacted the police report to remove any statements of Trooper Sotack, and gave the jury a cautionary instruction making it clear that the subject report was not a transcript, but merely contained Chief Smith's notes. (***See*** N.T. Trial, 6/12/14, at 158, 160-64, 168-69). At the conclusion of the instruction, Appellant's counsel agreed that the court properly addressed the concerns that had been discussed by the parties. (***See id.*** at 169).

violated Rule 646(C)(2), specifically because the notes contained his statement and were a transcript of Chief Smith's trial testimony, the issue is waived for our review. **See Miller**, **supra** at 811; **see also** Pa.R.A.P. 302(a).

Additionally, we observe that "[i]t is an appellant's duty to present arguments that are sufficiently developed for our review . . . . [and] the brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may . . . find certain issues to be waived." **Id.** (citations omitted).

Here, other than to include the text of Rule 646, Appellant fails to provide any pertinent discussion, citation of authority, or references to the record regarding his argument that the court erred in allowing the jury to view Chief Smith's notes during deliberations because they contained his statement. (**See** Appellant's Brief, at 23-24); Pa.R.A.P. 2119(a)-(c); **Hardy**, **supra** at 771. Therefore, we deem this challenge waived on this basis as well. **See Hardy**, **supra** at 771.

Finally, Appellant's argument in issue four that the court erred in allowing the jury to view Chief Smith's notes during deliberations because

they were a transcript of his trial testimony also is waived for his failure to raise the issue in his Rule 1925(b) statement. (***See*** Appellant's Brief, at 23-24).

> Pursuant to Rule 1925(b)(4)(vii), "Issues not included in the Statement and/or not raised in accordance with [Rule 1925(b)(4)] are waived." As our Supreme Court recently reiterated:
>
>> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements.

***Commonwealth v. Elia***, 83 A.3d 254, 263 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (citation omitted) (waiving and declining to review Appellant's claim for failure to include it in Rule 1925(b) statement).

Here, Appellant's Rule 1925(b) statement claims that the trial court erred in allowing the jury to view Commonwealth's Exhibit 2 because counsel objected and because the hand-written notes contained Chief Smith's recollection of what Appellant told law enforcement on May 16, 2011. (***See*** Rule 1925(b) Statement, 11/12/14, at unnumbered page 3-5). However, it did not contain Appellant's current argument that the notes were "a transcript of [Chief Smith's] trial testimony, which is strictly prohibited under

Rule 646(C)(2)." (Appellant's Brief, at 24) (citation omitted). Therefore, we deem this argument waived on this basis, as well. **See Elia**, **supra** at 263.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015